NO. COA13-444

NORTH CAROLINA COURT OF APPEALS

Filed:  4 February 2014

IN THE MATTER OF C.W.F.

                                    Moore County
                                    No. 12 SPC 364J

Appeal by juvenile respondent from order entered 22 August 2012 by Judge Don W. Creed, Jr. in Moore County District Court. Heard in the Court of Appeals 25 September 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Charlene Richardson and Special Deputy Attorney General Lisa Corbett, for the State.*
>
> *Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for juvenile respondent-appellant.*
>
> *Miranda R. McCoy, for petitioner-appellee Jackson Springs Treatment Center.*

CALABRIA, Judge.

C.W.F. appeals an order concurring with the voluntary admission of a minor and authorizing a continued admission for inpatient psychiatric treatment for a period of 90 days. We vacate the order and remand to the trial court for findings.

On 7 August 2012, C.W.F's mother consented to C.W.F.'s evaluation for treatment, services and support provided by Jackson Springs Treatment Center ("Jackson Springs"). Freida Green ("Green"), a member of Jackson Springs' staff, completed C.W.F.'s Evaluation for Admission/Continued Stay ("Green's evaluation"). Green described her findings, included C.W.F.'s medications and recommended his admission for treatment or rehabilitation.

On 8 August 2012, Green filed a Request for Hearing to determine whether the court concurred with the voluntary admission/continued stay. Green attached her evaluation as well as a psychological evaluation prepared by licensed psychological associate Daniel Huang, M.A., dated 15 January 2012 ("Huang's evaluation").

Dr. Leah McCallum, Ph.D. ("Dr. McCallum"), performed a Comprehensive Clinical Assessment ("McCallum's assessment") dated 10 August 2012, which included, *inter alia*, C.W.F.'s general health and behavioral health history, described his removal from home for sexually abusing his younger sister, physical abuse by his father, and the precipitating events that caused his problems. McCallum's assessment also included recommendations for C.W.F.'s treatment within a structural 24-hour therapeutic environment. Dr. McCallum justified treatment at Jackson Springs because less intense levels

of care where C.W.F. remained in the home and received community based treatment had been attempted but were unsuccessful. In the less structured treatment environments, C.W.F. continued to exhibit emotional and behavioral problems both in the home and community settings.

At the hearing in Moore County District Court on 22 August 2012 to determine whether C.W.F. should be treated at Jackson Springs or whether a less restrictive environment would be sufficient, the trial court reviewed Green's and Huang's evaluations that had been attached to the Request for Hearing. C.W.F. was represented by appointed counsel. Jackson Springs presented the testimony of clinical director Teresa McGuire ("McGuire") as well as McCallum's assessment. McGuire, a social worker and clinical director at Jackson Springs, testified that she was providing C.W.F. with individual and group therapy. McGuire stated the reason C.W.F. was transferred to Jackson Springs from his prior treatment facility in South Carolina. Specifically, during C.W.F's prior placement, he displayed physical and verbal aggression and violated sexual boundaries with peers. McGuire believed that in C.W.F.'s prior treatment facility, he had possibly learned the skills he needed to reduce his physical and verbal

aggression but had been unable to carry out those skills. C.W.F. objected to McGuire's testimony.

When McGuire was questioned regarding the purpose of reviewing a patient's medical records, she answered that it is part of the process of familiarizing the staff with a new patient's history, and that to prepare for the hearing she had reviewed Green's and Huang's evaluations as well as McCallum's assessment (collectively, "the reports"). C.W.F. objected to the introduction of the reports. The trial court overruled C.W.F.'s objections to McGuire's testimony and also admitted the reports.

The trial court found as fact all matters that had been set out in Green's evaluation, which included Green's opinion that C.W.F. was mentally ill, and incorporated it by reference as findings. Based on the findings, the trial court concluded that C.W.F. was mentally ill and in need of continued treatment at Jackson Springs because less restrictive measures would not be sufficient. In addition, the court concurred with C.W.F.'s voluntary admission and authorized C.W.F.'s continued admission at Jackson Springs for 90 days. C.W.F. appeals.

C.W.F. argues that the court erred by admitting and relying on three reports prepared by non-testifying witnesses because the reports violated his right to confrontation. We agree.

N.C. Gen. Stat. § 122C-224.3(f) (2011) provides the criteria for the trial court to determine whether a minor should remain in a voluntary admission:

> For an admission to be authorized beyond the hearing, the minor must be (1) mentally ill or a substance abuser and (2) in need of further treatment at the 24-hour facility to which he has been admitted. Further treatment at the admitting facility should be undertaken only when lesser measures will be insufficient. It is not necessary that the judge make a finding of dangerousness in order to support a concurrence in the admission.

On appeal from an order of involuntary commitment, the questions for determination are (1) whether the court's findings of fact "are indeed supported by the 'facts' which the court recorded in its order as supporting its findings, and (2) whether in any event there was competent evidence to support the court's findings." *In re Hogan*, 32 N.C. App. 429, 433, 232 S.E.2d 492, 494 (1977). These same issues must be addressed in an appeal from the voluntary commitment of a minor.

C.W.F. disputes the trial court's findings of mental illness and that further treatment at Jackson Springs was based upon competent evidence. Specifically, C.W.F. argues that the admission of all three reports deprived him of his right to confrontation.

N.C. Gen. Stat. § 122C-224.3, which addresses hearings for review of voluntary admissions of minors, provides that "[c]ertified copies of reports and findings of physicians, psychologists and other responsible professionals as well as previous and current medical records are admissible in evidence, but the minor's right, through his attorney, to confront and cross-examine witnesses may not be denied." N.C. Gen. Stat. § 122C-224.3(c) (2011). Thus, the plain language of this statute not only permits admission of relevant medical records into evidence, but also ensures the minor's right to confront and cross-examine witnesses. *Id.* The juxtaposition of these two points in a single sentence indicates the legislature sought to protect the minor's right to confront and cross-examine witnesses regarding those admissible records.

In the instant case, McGuire was Jackson Springs' sole witness at the hearing. C.W.F.'s counsel specifically objected to McGuire's reliance on the reports "on the grounds of hearsay, lack of confrontation, and foundation" and later objected to the admission of the reports themselves on the same grounds. The court overruled the objections and admitted Green's report as well as Huang's evaluation and McCallum's assessment. McGuire indicated that the purpose of all three reports was for the professionals at

Jackson Springs to acquaint themselves with C.W.F.'s specific needs and individual conditions as a new patient.

The trial court found as fact all matters in Green's evaluation, and incorporated it by reference as findings. The court made no additional findings of fact. While Green's evaluation was certified as a true and exact copy of the Evaluation for Admission/Continued Stay, and therefore admissible under N.C. Gen. Stat. § 122C-224.3(c) as a certified copy of a report by a "psychologist [or] other responsible professional," Green was not available to testify at the hearing. In addition, Green was not subject to cross-examination regarding her evaluation and opinions regarding C.W.F.'s mental health. Therefore, the trial court erred in relying solely on Green's evaluation, since C.W.F. had no opportunity to cross-examine her.

The court's conclusions of law that C.W.F. was mentally ill, in need of continued treatment, and that less restrictive measures than a voluntary commitment would not be sufficient, are based solely upon Green's report. However, Green did not testify at the hearing, and C.W.F. was unable to confront or cross-examine Green regarding the findings and opinions she recorded in her evaluation. Since N.C. Gen. Stat. § 122C-224.3(c) protects a minor's right to cross-examine witnesses regarding relevant medical records, we

vacate the trial court's order, remand for further findings, and need not address C.W.F.'s remaining arguments.

Vacated and remanded.

Judges ELMORE and STEPHENS concur.